BERTRÁN CARRASQUILLO, DEMANDANTE Y APELANTE, *v.* ALCARAZ
ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre rescisión de contrato e indemnización de daños y perjuicios.

No. 1798.—Resuelto en julio 23, 1918.

RESCISIÓN DE CONTRATO—FRAUDE O DOLO.—En el presente caso se sostiene por el demandante que la cosa objeto del contrato, tal como en el mismo se describe, no era lo que los demandados iban a traspasarle y fundándose en tales hechos solicita la rescisión del contrato. Considerado debidamente el caso, *se resolvió*: Que aún cuando quizás existe alguna prueba de la que pueda

sacarse la inferencia de que los demandados sabían que el demandante creía que compraba la totalidad de la casa, sin embargo, no puede deducirse de ello nada que equivalga a fraude o dolo por parte de los demandados, ya que las partes trataron siempre de la misma propiedad descrita y la cosa dada en venta era el pedazo especial de terreno en el cual no se incluye la porción adicional que alega el demandante quien, además, tuvo la oportunidad de comprobar su extensión.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Francisco González.*

Abogado de los demandados: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la decisión de la corte inferior reza como sigue:

"DECISIÓN.

"El demandante en la presente acción, estableció ante esta corte, una demanda sobre rescisión de contrato e indemnización de daños y perjuicios, con el propósito de que se declare rescindido cierto convenio que con los demandados llevara a cabo.

"En la demanda se alega sustancialmente que, los demandados allá para el año de 1914, vendieron a Narciso Bassó y Casañas, con pacto de retro, y por la suma de un mil quinientos dólares, una finca que se describe; que quedó consumada la venta por no haberse redimido por los demandados a su debido tiempo la finca retrovendida, si bien a pesar de la consumación de la venta, el mencionado Bassó convino con los demandados trᾱspasar nuevamente el inmueble si pagaban la cantidad ameritada; que allá por el mes de noviembre de mil novecientos diez y seis, el demandante en el presente caso, celebró con los demandados un contrato de compraventa de la finca a que se refiere la demanda, por el precio de cuatro mil trescientos dólares, pagaderos en la forma siguiente: dos mil quinientos dólares en un pagaré a favor de don Blas Maldonado, valor al treinta de diciembre de mil novecientos diez y seis; ochocientos dólares en un automóvil marca Hudson; y, mil dólares que el demandante debía satisfacer a Narciso Bassó en el acto de firmarse la escritura; que los demandados ordenaron al señor Bassó que traspasara la finca al demandante Wifredo Bertrán, y a ese fin Blas Maldonado, uno de los demandados, fué con el título donde el notario don Víctor Burset para el otorgamiento de la escritura, la cual fué redactada, y el de-

mandante entregó el pagaré y el automóvil al señor Maldonado, quedando pendiente el pago de los mil dólares al señor Bassó, para el momento de firmar la escritura. Alega asimismo el demandante: que compró la finca objeto de la demanda para venderla a Elpidio Agrait, obteniendo como beneficio la suma de quinientos dollars; que no pudo realizarse la venta al mencionado Agrait, porque rectificadas las medidas del solar y de la casa descritos en la demanda, encontró que parte de dicha casa ocupa una extensión como de diez metros cuadrados de un solar inmediato propiedad de los demandados, negándose con tal motivo el señor Agrait a adquirir el inmueble en tales condiciones.

"Los demandados por su parte, contestaron la demanda aceptando algunos hechos de ella, negando otros, y estableciendo ciertas defensas. Así las cosas se celebró el juicio correspondiente, en el curso del cual ambas partes presentaron evidencia documental y de testigos en apoyo de sus respectivos puntos de vista; quedó el caso sometido por medio de alegatos escritos, y la corte reservó resolución que dicta hoy después de un detenido estudio del caso.

"Resulta probado, que los demandados llevaron a cabo con el señor Bassó Casañas, la venta con pacto de retro a que se refiere la alegación tercera de la demanda, y la consumación de dicha venta por no haberse redimido el inmueble a su debido tiempo. Se ha probado asimismo, la celebración del contrato de compraventa de la finca objeto de la demanda por el demandante a los demandados, en las condiciones alegadas en el hecho quinto; y aparece también, que era el propósito del demandante al adquirir la finca en litigio, venderla a don Elpidio Agrait, a fin de obtener el beneficio de quinientos dólares, no pudiendo realizarse tal venta, porque Agrait se enteró de que la casa enclavada en el solar vendido, ocupa parte de un solar contiguo. Los demandados desde el otorgamiento de la escritura de venta con pacto de retro a don Narciso Bassó, quedaron en posesión del inmueble en concepto de arrendatarios del mismo pagando el canon de quince dólares mensuales.

"De acuerdo con tales hechos establecidos por la prueba, no creemos estar en presencia de un contrato que deba ser rescindido a opción del demandante.

"El precepto legal en que la parte actora parece fundar su caso, está contenido en las disposiciones del artículo 1091 del Código Civil Revisado, que declara implícita la facultad de resolver las obligaciones de carácter recíproco cuando uno de los obligados no cumpliere lo que le incumbiere. Y siendo ello así, precisa determinar cuáles

eran las obligaciones de los demandados para con el demandante en relación con el contrato entre ellos celebrado.

"Fué convenido que Maldonado agenciara la venta de Bassó a Bertrán de la casa y solar descrito en el párrafo tercero de la demanda, y que el comprador Bertrán entregara en pago a Maldonado el automóvil y pagaré estipulados, y Bassó mil quinientos dólares en el acto de la escritura.

"Esto fué cumplido por Maldonado en todas sus partes. El contrato en lo que atañe a Maldonado, quedó consumado: por parte de Bertrán, con la entrega del pagaré y del automóvil; por parte de Maldonado, con el consentimiento del vendedor Bassó y del comprador Bertrán, hasta el punto de haberse redactado la escritura por el notario Burset, y quedar como quedó sólo pendiente de que Bertrán la firmara. La casa objeto de la venta de Maldonado a Bertrán, o sea, la finca en cuestión, era la misma que Maldonado había antes vendido a Bassó. Bertrán tuvo oportunidad de conocer la escritura mediante la cual adquiriera Bassó el inmueble; y no existe el más leve indicio ni en las alegaciones, ni en la prueba, de que el convenio celebrado entre Blas Maldonado y Wifredo Bertrán, o en la venta estipulada entre Bassó y Bertrán, se estableciera como condición la venta de la finca por Bertrán a Elpidio Agrait.

"Es cierto que, hecha la mensura del solar objeto de este litigio, apareció un extremo de la casa en él enclavada, ocupando parte de otro solar contiguo propiedad de los demandados; pero es de tenerse en cuenta, que el contrato versaba principalmente sobre la venta del fundo, y que éste ocupa el perímetro comprendido dentro de las colindancias con que se describe en la escritura de Maldonado a Bassó y de Bassó a Bertrán.

"No vemos que haya incumplimiento alguno de contrato, y a buen seguro, que si Agrait hubiera comprado el inmueble, nada hubiera objetado Bertrán, siendo así que la negativa de Agrait constituye el único motivo de rescisión invocado por el demandante."

El apelante alega haberse cometido un error, el cual en su análisis final equivale a esto, a saber, que la prueba demuestra que Maldonado le ofreció al apelante la totalidad de una casa que lo que Maldonado y su esposa trataron de enajenar en favor del apelante fué una sola parcela de terreno, que no contenía la casa en su totalidad. El apelante insiste que la cosa objeto del contrato no fué enajenada o

no era lo que se le iba a traspasar al apelante. El Código Civil (en sus artículos 1364, 1365 y 1377) dispone claramente que la cosa objeto del contrato debe ser entregada. Ahora bien, aun cuando quizás existe alguna prueba de la que pueda sacarse la inferencia de que Maldonado sabía que Bertrán creía que compraba la totalidad de la casa, sin embargo ni la corte inferior ni nosotros mismos podemos encontrar nada que equivalga a fraude o dolo por parte del citado Maldonado. Las partes en sus deliberaciones, según lo creyó la corte inferior y lo creemos nosotros, trataban siempre de la propiedad descrita en la venta con pacto de retro a Bassó, el tío del apelante. Hablaron de ella como de una hipoteca. La cosa dada en venta era aquel pedazo especial de terreno. En realidad de verdad la descripción contenida en la demanda misma de la finca vendida es la finca enajenada en favor de Bassó. Esta descripción no incluye la porción adicional de la casa. La finca se describió por sus puntos y colindancias y el apelante tenía la oportunidad de comprobar su extensión, como lo hizo su propuesto comprador Agrait. En verdad la tendencia de la prueba es demostrar que Bertrán, el apelante o alguna otra persona en interés suyo, llevó los documentos de la finca que había de enajenarse al notario Sr. Burset. A veces se aclara una situación legal invirtiendo las partes. Aquí habría de imaginarse un contrato un poco diferente. Si Bertrán conociendo la condición exacta de la finca había ofrecido comprar a Maldonado todo el terreno, pie por pie, que se había hipotecado o enajenado en favor de su tío y habiendo comprado los Maldonado la casa en su totalidad, creyeron que lo vendían todo, ellos no podían obligar a Bertrán a recibir lo que no fué claramente objeto de las negociaciones.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.